

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion Number O-4574
Re: Is Johnson County eligible
for participation in the
funds in the Road Bond
Assumption Act, under
the facts submitted?

We are in receipt of your opinion request of recent date and quote from your letter as follows:

"House Bill No. 6, Acts of the First Called Session of the 47th Legislature, page 2, Chapter 2, Section 1, reads in part as follows:

" 'And it is hereby determined that the further provisions of this Act constitute fair, just and equitable compensation, repayment, and reimbursement to said counties and defined districts and for their aid and assistance to the State in the construction of State Highways and for the construction of said roads which are ancillary to, but do not constitute a part of said system of State Highways and fully discharges the legally implied obligations of the State to compensate, repay, and reimburse the agencies of the State for expenses incurred at the instance and solicitation of the State, as well as for expenses incurred for the benefit of the State, and fully discharges the State's legally implied obligation to such counties and defined road districts to provide additional funds for the further construction of roads not designated as a part of the State Highway System.'

"From the reading of the foregoing it occurs to me that a county would be entitled to participation to the extent that it had expended Road Bond money on roads leading into State Highways. Johnson County, from its County wide road bonds expended some of its bond money on roads leading into designated State Highways but it has never received any participation to the amount of such money expended.

"To the extent that such money that was expended on these feeder or supply roads is it eligible for participation in the Road Bond Assumption Act? On December 18, 1941, acting on the literal wording of the Act and not on any assumed intentions of the Legislature, I filed a claim with the Board of County and District Road Indebtedness for participation and thus far they have not acted on it any anyway.

"I would appreciate your opinion as to the eligibility and justness of my claim for participation."

Replying to the foregoing you are respectfully advised that Johnson County is not entitled to participation in the County and Road District Highway Fund for road bond money expended on the construction of roads leading into a designated State Highway. Such roads are by the definition contained in the Act designated as lateral roads, and eligible obligations, as defined in Section 2 of the Act above referred to, means obligations the proceeds of which were actually expended on designated highways, and all roads which prior to January 2, 1941, had not become a part of the System of State designated highways are defined as "lateral roads".

The reference in Section 1 of House Bill #6, which you quoted in your letter, in which it is stated that "the further provisions of this Act constitute fair, just and equitable compensation, repayment and reimbursement of said counties and defined road districts and for their aid and assistance to the

State in the construction of State Highways and for the construction of said roads which are ancillary to but do not constitute a part of said System of State Highways and fully discharges the legally implied obligations of the State, etc." has reference to the provision contained in Chapter 6 with reference to the "Lateral Road Account", which deals with the distribution of the surplus remaining in said fund after the Board has paid off and discharged all eligible obligations. You will note that the Legislature has provided a method of distributing this surplus fund to the counties and road districts, and has also determined how this money shall be expended by the counties and road districts; and among other things, Chapter 6 contains the following provision:

"Funds remaining in the Lateral Road Fund of any county after the payment of said right-of-way obligations shall be used by the county for paying the maturing principal, interest and sinking fund requirement due by the county in that fiscal year on bonds, warrants or other evidences of indebtedness which were legally issued by such county or road districts prior to January 2, 1939, the proceeds of which were actually expended in the construction or improvement of lateral county roads".

Evidently the Legislature intended to discharge whatever legally implied obligations of the State to compensate the counties and road districts for "ancillary" roads by the distribution of this surplus fund and authorizing the counties to apply a portion of same to the payment of obligations outstanding, the proceeds of which were used to construct lateral roads.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _C. F. Gibson_
C. F. Gibson
Assistant

CFG-s APPROVED AUG 25, 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN